IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMAD AKHTIAR, <br>   Petitioner, <br><br> v. <br><br> GEORGE W. BUSH, *et al.*, <br>   Respondents. | Civil Action No. 05-1635 (PLF) |

## PETITIONER'S MEMORANDUM AND RESPONSE TO RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING OR, IN THE ALTERNATIVE, TO STAY PROCEEDINGS PENNDING RELATED APPEALS FOR CONTINUED COORDIANTION

Mohammad Ahktiar (Petitioner) is being detained by the United States Government at Guantánamo Bay Naval Base in Cuba. The undersigned counsel filed a Petition for Habeas Corpus on behalf of Mohammad Akhtiar and George Bush, et al. (Respondents) filed a motion to show cause why the above-captioned petition should not be dismissed for "lack of proper next friend standing". In the alternative, the Respondents ask that proceedings in this cause be stayed.

Petitioner respectfully requests that Respondents' motion to show cause be denied and that undersigned counsel be afforded the opportunity to travel to Guantánamo to meet with Mr. Akhtiar and confirm that he wishes to challenge his detention.

Petitioner opposes Respondents request to stay proceedings to the extent that it would not permit counsel to travel to Guantánamo and confer with Mr. Ahktiar. Further, Respondents should be required to inform counsel of their position on Petitioner's status as an "enemy combatant".

I.     RESPONDENTS MOTION TO SHOW CAUSE SHOULD BE DENIED

A.     **The Supreme Court Has Ruled that Petitioner Has the Right To File Habeas Petitions with the Advice and Assistance of Counsel**

The Supreme Court has made clear that the federal habeas statute "confers on the District Court jurisdiction to hear petitioners' habeas corpus challenges to the legality of their detention at the Guantánamo Bay Naval Base." *Rasul*, 124 S. Ct. at 2698. The detainees may not be denied the access to counsel that is crucial to their ability to bring such challenges in federal court. *See Hamdi v. Rumsfeld*, 124 S. Ct. 2633, 2652 (2004) (plurality opinion of O'Connor, J.) ("He [Hamdi] unquestionably has the right to access to counsel in connection with the proceedings on remand."); *id.* at 2660 (concurring opinion of Souter, J.); *Rasul*, 124 S. Ct. at 2698 n.15 (plaintiffs' allegations of detention "without access to counsel and without being charged with any wrongdoing— unquestionably describe 'custody in violation of the Constitution or laws or treaties of the United States.'"). As Judge Kollar-Kotelly recognized in rejecting the Government's post-*Rasul* argument that the detainees have no right of access to counsel: "The Supreme Court has found that Petitioners have the right to bring their claims before this Court, and this Court finds that Petitioners cannot be expected to exercise this right without the assistance of counsel." *Al Odah v. United States*, 346 F. Supp. 2d 1, 8 (D.D.C. 2004). As Judge Kollar-Kotelly explained, "the detainees have been detained virtually incommunicado for nearly three years without being charged with any crime. To say that Petitioners' ability to investigate the circumstances surrounding their capture and detention is 'seriously impaired' is an understatement. The circumstances of their confinement render their ability to investigate nonexistent. Furthermore, *it is simply impossible to expect petitioners to grapple with the complexities of a foreign legal system and present their claims to this Court without legal representation. Petitioners face an obvious language barrier, have no access to a law library,*

*and almost certainly lack a working knowledge of the American legal system.*" *Id.* (emphasis added) (quoting *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)).

Government officials have publicly acknowledged the necessity of taking action to enable detainees to consult with counsel. For example, during a Department of Defense briefing on July 7, 2004, a senior Justice Department official was asked whether currently unrepresented Guantánamo detainees would have access to counsel. The official replied that lawyers would have access to the detainees but that the "precise details of that would have to be worked out in the future." Defense Department Background Briefing on the Combatant Status Review Tribunals, July 7, 2004, available at http://www.defenselink.mil/ transcripts/2004/tr20040707-0981.html. Similarly, in a news briefing two days later, Navy Secretary Gordon England acknowledged that all detainees—including those who were then unrepresented—would "have legal representation . . . if they elect to do that [*i.e.*, file a habeas corpus petition]." Defense Department News Briefing on the Combatant Status Review Tribunals, July 9, 2004, available at http://www.defenselink. mil/transcripts/2004/ tr20040709-0986.html. He further promised that the Government would "work to facilitate" counsel's access to the unidentified detainees "*as quickly as we can*," and envisioned the need "to work out something with groups of lawyers or groups of detainees." *Id.* (emphasis added).

**B.    Petition is Properly Filed and No Next Friend is Required**

Mohammad Akhtiar's petition was filed as a result of a letter sent in his behalf by a fellow detainee. (see Exhibit B). This letter was forwarded to undersigned counsel by the Center for Constitutional Rights. (see Exhibit A). This request is easily distinguishable from the other cases the Respondents have lumped together in its motion. Unlike other cases where the government claims that next friends using "boilerplate language" have that a next friend

"believes" a detainee wants representation, Exhibit B is direct and unequivocal plea on behalf of Mr. Ahktiar for representation.

C.   **Undersigned Counsel Requests Permission to Confer with Mr. Ahktiar**

All the issues and concerns raised by the Respondents in their motion could be quickly and easily resolved by allowing the undersigned counsel to go to Guantánamo and confer with Mr. Ahktiar to determine whether or not he desires to pursue a writ of habeas corpus. If Mr. Ahktiar desires to be represented, undersigned counsel could obtain an appropriate authorization. If Mr. Ahktiar does not desire to pursue legal remedies, undersigned counsel will immediately notify Respondents and this Court.

As the Respondents point out in their motion, the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantánamo Bay, Cuba in In re Guantánamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 8, 2004), § III.C permits counsel two visits with a detainee to determine if the detainee desires reputation.[1] Undersigned is only requesting what has been granted in Judge Green's prior order.

Undersigned counsel is familiar with the requirements and restriction set out in the order signed by Judge Green and represents to this Court that he is willing to abide by them. Undersigned Counsel has filled out the appropriate forms to obtain a security clearance and is only waiting on the government to grant the clearance.

II.   **RESPONDENTS MOTION TO STAY SHOULD BE DENIED IN PART**

The Respondents have requested the Court to stay proceedings in this case pending resolution of appeals in <u>Khlid</u>, <u>Broumedine</u> and <u>In re Guantánamo Detainee Cases</u>. Petitioner is

---

1 - See Respondent's Motion for Order to Show Cause Why Case Should Not Bed Dismissed for Lack of Proper "Next Friend" Standing Or, In The Alternative, To Stay Proceedings Pending Related Appeals and for Continued Coordination, (Attachment C)

aware that this Court has granted stays in other cases pending before the Court. At stated above, Petitioner opposes Respondents request to stay proceedings to the extent that it would not permit counsel to travel to travel to Guantánamo and confer with Mr. Ahktiar. Further, the Respondents should be required to inform counsel of their position on Petitioner's status as an "enemy combatant".

A. **Undersigned Counsel Should Be Allowed to Confer with Mr. Ahktiar**

Respondents have stated in their motion that

> "In seeking a stay to the extent the next friend petitioners are determined to satisfy applicable requirements, however, respondents do not intend to thereby block counsel access to properly represented petitioners." [2]

As stated above, it is Petitioner's position that by the Court allowing counsel to confer with Mohammed Ahktiar, all of the issues raised by the Respondents would be remedied and a determination as to Mr. Akhtiar's desires on proceeding can be confirmed. Therefore, Petitioner respectfully request that if a stay is granted, counsel be allowed to travel to Guantánamo and confer with Mr. Ahktiar.

B. **Respondents Should Be Required to Inform Counsel of Petitioner's Status**

Counsel for Petitioner made a written inquiry of the government requesting to know whether or not the Petitioner had been classified as an "enemy combatant." (see Exhibit C). The government responded by email, refusing to reveal Petitioner's status. (see Exhibit D) This information is essential to counsel's representation of the Petitioner and is readily available to the Respondents. Therefore, Petitioner respectfully requests the Court to order the Respondents to reveal Petitioner's classification.

---

2 -  See Footnote 19, page 21, supra.

### III.  CONCLUSION

Petitioner respectfully requests that Respondents provide Petitioner with meaningful access to counsel so that each Petitioner can retain counsel if he desires to do so in order to fully vindicate his legal right to obtain judicial review of his detention. Petitioner respectfully requests that Respondents' motion to show cause be denied and that undersigned counsel be afforded the opportunity to travel to Guantánamo to meet with Mr. Akhtiar and confirm that he wishes to challenge his detention.

Further, Petitioner respectfully requests that Respondents request to stay proceedings be denied to the extent that it prohibits undersigned counsel from traveling to Guantánamo and conferring with Mr. Ahktiar to determine if he desires to proceed on his writ of habeas corpus and that Respondents be required to inform counsel of their position on Petitioner's status as an "enemy combatant".

For all of the foregoing reasons, Respondents' Motion to Show Cause should be denied and Respondents' Motion to Stay, if granted, should not prohibit undersigned counsel from traveling to Guantánamo to confer with Mr. Ahktiar and should require the Respondents to inform counsel of the exact nature of Petitioner's status.

Dated: Austin, Texas

September 12th, 2005

Respectfully submitted,

**Richard A. Grigg**
Texas Bar No. 08487500
SPIVEY & GRIGG, L.L.P.
48 East Avenue
Austin, Texas 78701
Tel: (512) 474-6061
Fax: (512) 474-1605
Email: dicky@Grigg-Law.com

By: _____
Richard A. Grigg

*Of Counsel*
Barbara Olshansky (NY0057)
Gitanjali S. Gutierrez (NY1234)
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on Respondents by EFC and a copy of all instruments have been emailed to the following persons:

**Terry M. Henry, Esquire**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

and

**Andrew I. Warden**
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW, Room 6120
Washington, DC 20530

On this the _12th_ day of September, 2005.

_____
Richard A. Grigg

5157P.005a